United States District Court
Southern District of Texas
**ENTERED**
August 02, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., § § § Petitioner. § § VS. § § SUN STEEL COMPANY LLC d/b/a § ESMARK STEEL GROUP MIDWEST, § LLC, and ESMARK, INC., § § Respondents. § | CIVIL ACTION No. 3:22-cv-00030 |

## ORDER AND OPINION

Pending before me is a discovery dispute. The parties have outlined their respective positions in letter briefs submitted to the Court. *See* Dkts. 74 and 77. I have also heard oral argument on the various issues in dispute. It is now time for me to rule.

By way of background, Salzgitter Mannesmann International (USA) Inc. ("Salzgitter") brought the underlying action to confirm a $12.7 million arbitration award. Esmark Inc. and Sun Steel Company LLC d/b/a Esmark Steel Group Midwest, LLC (collectively, "Esmark") has moved to vacate that award, arguing it should be set aside because of the alleged evident partiality of one of the arbitrators, George Shipley ("Arbitrator Shipley"). An oral hearing on the competing motions is scheduled for August 10, 2022.

On May 16, 2022, in accordance with the Court's local procedures, the parties jointly submitted a letter concerning a post-arbitration discovery dispute. *See* Dkt. 57. In a nutshell, Esmark asked for limited discovery to shed light on the circumstances surrounding Arbitrator Shipley's supplemental disclosure that his daughter accepted employment with Vinson & Elkins LLP ("V&E"), the law firm that represented Salzgitter during the arbitration proceeding. In particular, Esmark asked to: (1) depose Arbitrator Shipley's daughter; (2) subpoena relevant

documents from Arbitrator Shipley's daughter; and (3) subpoena relevant documents from V&E. Salzgitter strongly opposed any discovery whatsoever, asking that I decide the motion to confirm/motion to vacate issues on the record already before me.

Before I could address the discovery dispute, I first had to determine whether I possessed subject-matter jurisdiction to decide this case under the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards. In an Opinion and Order issued on June 24, 2022, I held that I did, indeed, have subject-matter jurisdiction over this case. *See* Dkt. 62. I then scheduled a discovery hearing to address the outstanding discovery issues for July 19, 2022.

At that hearing, I explained that I would allow limited discovery, including the deposition of Arbitrator Shipley's daughter. I asked the parties to confer to iron out the details as to the scope of the limited discovery. A few days later, the parties submitted a letter with a few outstanding discovery disputes, including the timing of the deposition and the scope of the subpoenas directed to Arbitrator Shipley's daughter and V&E. *See* Dkt. 68. On July 22, 2022, I held another discovery-related hearing, at which I ordered the deposition of Arbitrator Shipley's daughter to proceed on August 28, 2022, provided parameters for the subpoenas to be issued to Arbitrator Shipley's daughter and V&E, and ordered V&E to provide certain declarations to address whether any V&E partner had recommended that the firm hire Arbitrator Shipley's daughter.

The deposition of Arbitrator Shipley's daughter went off without a hitch. I actually attended the deposition by video to rule on any objections in real-time. To unearth the documents I ordered produced, V&E conducted an extensive search. *See* Dkt. 77 at 1–3. The firm also provided a total of four declarations: (1) declarations from the two individuals (Jeffrey Kostelnik and Randi Revisore) who made the decision to extend an employment offer to Arbitrator Shipley's daughter; (2) a declaration from the Human Resources employee at Vinson & Elkins (Emma Durham) who reviewed and processed Arbitrator Shipley's daughter's application;

2

and (3) a declaration from Salzgitter's counsel Patrick Mizell, setting forth the relevant dates for Arbitrator Shipley's daughter's application and employment with V&E. *See* Dkt. 74-1 at 1–9.

Now, Esmark has come back to me with a request to conduct additional discovery. This time around, Esmark asks to take the depositions of three of the V&E declarants (everyone but Salzgitter's counsel) in order to: (1) explore how they went about searching for responsive documents; and (2) further clarify whether any V&E partner recommended the firm hire Arbitrator Shipley's daughter. Esmark complains that the declarations it previously received from V&E do not squarely address whether any V&E partner recommended Arbitrator Shipley's daughter be hired at the firm. In the event any V&E partner did recommend the firm hire Arbitrator Shipley's daughter, Esmark further requests that the partner's emails be searched for communications with Arbitrator Shipley. Esmark also requests declarations from two additional individuals who interviewed Arbitrator Shipley's daughter for a possible job at V&E, Lauren Alford and Allie Watkins. These declarations are needed, Esmark argues, to determine whether "anyone at V&E contacted these individuals before the interview." *Id.* at 2. Salzgitter vehemently objects to any further discovery in this matter, arguing that "Esmark does not explain how [the requested] information would tend to prove or disprove any relevant fact issue raised in this proceeding." Dkt. 77 at 3.

I am fortunate that the Fifth Circuit has clearly explained when a district court may order discovery in the context of proceedings related to the confirmation and vacatur of an arbitration award. Just two years ago, the Fifth Circuit explained:

> District courts occasionally allow discovery in vacatur and confirmation proceedings. Previously we have endorsed a flexible inquiry for district courts to use when assessing discovery requests in the context of such proceedings: the court must weigh the asserted need for hitherto undisclosed information and assess the impact of granting such discovery on the arbitral process. The court should focus on specific issues raised by the party challenging the award and the degree to which those issues implicated factual questions that cannot be reliably resolved without some further disclosure. The party

3

> seeking discovery bears the burden of showing its necessity. Moreover, the loser in arbitration cannot freeze the confirmation proceedings in their tracks and indefinitely postpone judgment by merely requesting discovery.

*Vantage Deepwater Co. v. Petrobras Am., Inc.*, 966 F.3d 361, 372–73 (5th Cir. 2020) (cleaned up). Given this legal backdrop, I turn to Esmark's most recent request for discovery.

First, I am not going to allow Esmark to take the depositions of three V&E employees to inquire into the steps those individuals took to search for emails responsive to the V&E subpoena. The declarations provided by the V&E employees each state that they searched their email accounts and describe what those searches uncovered. That is sufficient. Allowing Esmark to undertake "discovery on discovery" without any factual reason to believe that any documents responsive to the subpoena have been withheld would send us off on a tangent that might never end. Sedona Principle 6[1] instructs that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 SEDONA CONF. J. 1, 118 (2018). The commentary to Principle 6 further explains:

> [A]s a general matter, neither a requesting party nor the court should prescribe or detail the steps that a responding party must take to meet its discovery obligations, and there should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere "speculation") of a material failure by the responding party to meet its obligations.

*Id.* at 123. Even though I am unwilling to allow so-called "discovery-on-discovery," I note that Salzgitter has provided in its most recent letter to the Court a detailed

---

[1] Created by a leading group of judges, lawyers, and academics, the Sedona Principles are recognized as a foundational guide for courts and lawyers confronting the challenges related to e-discovery.

explanation as to how emails were searched, thus making any further inquiry completely unnecessary. *See* Dkt. 77 at 2–4.

Second, I do not think it is necessary for Esmark to take the depositions of V&E employees to inquire further into whether any V&E partner recommended the firm hire Arbitrator Shipley's daughter. Even assuming, for the sake of argument, the relevance of such information to the ultimate determination that needs to be made as part of the confirmation/vacatur process, I am convinced that there are less intrusive and burdensome ways of obtaining such information. Out of an abundance of caution, I am going to order that Lauren Alford, Allie Watkins, and the three previous V&E declarants (Emma Durham, Jeffrey Kostelnik, and Randi Revisore) provide short declarations directly answering the following questions:

(1) Are you aware of any V&E partner recommending that Arbitrator Shipley's daughter be hired at the firm?

(2) If the answer to Question No. 1 is yes, please identify the name of the V&E partner who recommended that Arbitrator Shipley's daughter be hired at the firm, as well as when, how (e.g., phone, email, in person), and to whom the recommendation was made.

The declarations should be provided to Esmark by close of business on Friday, August 5, 2022. In the event any declarant answers Question No. 1 in the affirmative, I instruct the parties to inform the Court immediately, and we can, at that time, address what, if any, additional discovery is appropriate.

Signed on this 2nd day of August 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

5